Elvin SULLIVAN, Plaintiff,

v.

THOMAS PETROLEUM TRANSIT, INC., Defendant.

Civ. A. No. 16302.

United States District Court
W. D. Pennsylvania.

March 16, 1961.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Ira Hill, of Reed, Smith, Shaw & Mc-Clay, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this personal injury action based upon the Jones Act and the doctrine of unseaworthiness, the jury rendered a verdict in favor of the seaman in the amount of $37,000, 46 U.S.C.A. § 688.

The sole issue before the court relates to defendant's motion for new trial on the ground that the verdict was excessive.

No question is raised as to the propriety of the court's rulings or charge to the jury, nor is it disputed that sufficient evidence was adduced at time of trial to sustain defendant's liability.

The evidence established that the seaman, while in the course of his duties as a deckhand on the Motor Vessel Reba Jane, while entering one of the hatches, sustained injury when the hatch cover fell on his left hand.

The seaman suffered two severe lacerations and infection of his left index finger which ultimately developed cellulitis of the finger and lymphangitis in his left hand, precipitating a permanent impairment of grip of the left hand.

Medical testimony supports the conclusion that the seaman, due to his impaired grip, is unable to grasp or hold lines with his left hand and is rendered unable to perform the duties of a deckhand. His disability generally is approximated at thirty per cent.

The seaman is an illiterate and necessarily must rely upon his physical faculties to earn a livelihood. Since the accident he has been relegated to marginal labor, picking cotton and earning an average of $1,200 per year. As a seaman he would earn at least $4,500 per year. Recognizing that the seaman to date of trial sustained a wage loss in the area of $10,000, and that his potential life expectancy is twenty-seven additional years with a diminution of his economic horizon in the amount of $54,000.[1] In addition, the seaman undoubtedly experienced substantial pain and suffering, past, present and future. I, therefore, do not deem a verdict in the amount of $37,000 to be excessive.

As this Circuit has frequently reiterated, while an award may be high, it should stand if there is ample evidence to justify it. It is not my prerogative to arbitrarily substitute my judgment for that of the jury. Trowbridge v. Abrasive Co. of Philadelphia, 3 Cir., 190 F.2d 825; Lebeck v. William A. Jarvis, Inc., 3 Cir., 250 F.2d 285; Thomas v. Conemaugh and Black Lick Railroad Company, 3 Cir., 234 F.2d 429.

Upon re-examination and meticulous review of the record, I am satisfied that

1. The seaman was in defendant's employ as a deckhand from April 16, 1957 to July 13, 1957, slightly less than three months and earned $1,295.25. The rate of pay for deckhands was "278.32 per month base rate, equivalent to $556.64 per month worked." On the basis of 30% permanent disability, the seaman suffered an impairment of earning power of at least $2,000 per year in the future, which would amount to $54,000.

the award was commensurate with the amount of damages evinced therein.

Motion for new trial will be refused.

·'An appropriate Order is entered.